UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUSTIN BLAIZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03832-JPH-MJD |
| | ) | |
| PAUL TALBOT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint
and Directing Service of Process**

Plaintiff Austin Blaize, an inmate at the Pendleton Correctional Facility (Pendleton), brings this action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the defendants' deliberate indifference to his serious medical needs. Mr. Blaize has paid the initial partial filing fee. Dkt. 8. Because Mr. Blaize is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

1

## II. The Complaint

Mr. Blaize filed a complaint on September 10, 2019, naming the following defendants: (1) Dr. Paul Talbot; and (2) Wexford Health Services, Inc. (Wexford). The complaint names Dr. Talbot in his individual capacity. Mr. Blaize seeks compensatory and punitive damages.

Mr. Blaize alleges that in the fall of 2017, he was sent to the infirmary after being stabbed in the face. The force from the stabbing caused him to lose consciousness and resulted in a concussion and chronic traumatic encephalopathy. Mr. Blaize was in severe pain and required stitches on his forehead and under his left eye.

Dr. Talbot allegedly failed to provide treatment to Mr. Blaize consistent with "free world standards." He refused to administer pain medication, ointment, or wound care. He also failed to evaluate Mr. Blaize for signs of concussion, monitor him for signs of brain swelling, or order brain imaging scans. Rather than treat Mr. Blaize for his serious medical condition, Dr. Talbot allegedly interrogated him and placed him on "hold pending investigation" in the R-cellhouse.

Wexford employees are allegedly not trained or are unwilling to monitor patients for signs of brain swelling. Consequently, Mr. Blaize was not monitored for this life-threatening condition.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes

[d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

Based on the screening standard set forth above, Mr. Blaize's Eighth Amendment deliberate indifference claims **shall proceed against Dr. Talbot and Wexford**.

This summary of claims includes all viable claims identified by the Court. If Mr. Blaize believes that additional claims were alleged in the complaint but not identified by the Court, he shall have through **January 15, 2020**, in which to identify those claims.

### IV. Summary and Service of Process

Mr. Blaize's Eighth Amendment deliberate indifference claims **shall proceed** against Dr. Talbot and Wexford.

The **clerk shall modify the docket** to reflect Wexford's name as "Wexford of Indiana, LLC."

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Talbot and Wexford. Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons), and this Order.

The **clerk is directed** to send a courtesy copy of this Order to attorney Douglass R. Bitner.

**SO ORDERED**.

Date: 12/19/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AUSTIN BLAIZE
252565
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

DR. PAUL TALBOT
MEDICAL EMPLOYEE
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

WEXFORD OF INDIANA, LLC
CORPORATE SERVICE COMPANY
135 North Pennsylvania Street
Indianapolis, IN 46204

Courtesy Copy to:

DOUGLASS R. BITNER
KATZ KORIN CUNNINGHAM, P.C.
The Emelie Building
334 N. Senate Avenue
Indianapolis, IN 46204