UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTIN BLAIZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03832-JPH-MJD |
| ) | |
| PAUL TALBOT, et al. ) | |
| ) | |
| Defendants. ) | |

AUSTIN BLAIZE,

        Plaintiff,

    v.

PAUL TALBOT, et al.

        Defendants.

No. 1:19-cv-03832-JPH-MJD

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Austin Blaize brought this action alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the defendants' deliberate indifference to his serious medical needs. The defendants have filed an unopposed motion for summary judgment, arguing that the action should be dismissed because Mr. Blaize did not exhaust his administrative remedies. For the reasons explained below, the motion for summary judgment is **granted**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show

1

that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## BACKGROUND

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process that provides offenders with an opportunity to attempt to resolve grievances before filing suit in federal court. Dkt. 28-3. Each offender is advised of this policy and provided with a copy of the policy or instructed on how to access a copy of the policy. Dkt. 28-1, para. 6. Offenders are also provided with a copy, or access to a copy, of the IDOC Offender Handbook, which includes a section on the Offender Grievance Process. *Id.* Under the Offender Grievance Process, offender concerns relating to medical care and treatment are considered grievable issues. *Id.*, at para.7.

Since October 1, 2017, the Offender Grievance Process has consisted of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id.* at para. 8. Exhaustion of administrative remedies within the IDOC requires offenders to properly complete each step of the Offender Grievance Process. *Id.* at para. 16. This means that the offender must properly complete the appropriate grievance forms and timely submit them to the correct people at each stage of the process, as outlined in the Offender Grievance Procedure. *Id.*

Christina Conyers is employed as the Grievance Specialist at the Pendleton Correctional Facility, where Mr. Blaize is currently incarcerated. *Id.* at paras. 1-2. Ms. Conyers has reviewed Mr. Blaize's relevant grievance records and is familiar with the Indiana Department of Correction ("IDOC") Offender Grievance Process. *Id.* at paras. 3, 5, 17-18.

Based on Ms. Conyers' review of Mr. Blaize's grievance records, it appears that he has failed to fully and timely complete the grievance process related to his complaints of deficient medical care in the fall of 2017. *Id.* at para. 18; dkt. 28-3. Mr. Blaize did not file any grievances whatsoever related to medical care during the relevant time period. *Id.* Mr. Blaize has filed a single grievance during his incarceration in December 2015, but that grievance does not concern medical care. *Id.*

### III.
### DISCUSSION

The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d 1022, 1025 (7th Cir. 2002).; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants in this case bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

The defendants have presented uncontradicted evidence that Mr. Blaize failed to exhaust the administrative remedies available to him at the time he filed this complaint. Although Mr. Blaize was aware of the IDOC Inmate Grievance Process and had used it on a previous occasion, he has not submitted a grievance complaining about a lack of medical care during the time period relevant to this action. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be **dismissed without prejudice**. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment, dkt. [26], is **granted**, and the action is **dismissed without prejudice**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 12/14/2020

                                        *James Patrick Hanlon*
                                        James Patrick Hanlon
                                        United States District Judge
                                        Southern District of Indiana

Distribution:

AUSTIN BLAIZE
252565
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com